J-S39036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD THOMAS MORALES, | : | |
| | : | |
| Appellant | : | No. 2099 MDA 2015 |

Appeal from the PCRA Order November 9, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0001538-1997

BEFORE:     STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JULY 26, 2016**

Richard Thomas Morales (Appellant) appeals from the order entered November 9, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

Relevant to the instant appeal, the facts of this case are as follows. On May 5, 2000, following a retrial,[2] a jury found Appellant guilty of third-degree murder, aggravated assault, and conspiracy to commit aggravated assault for his involvement in the shooting death of Jose Martinez on November 1, 1996.  Charged as co-conspirators in this incident were Roderick Andre Johnson (Johnson) and Shawnfatee Bridges (Bridges).

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's first trial in this matter began on February 10, 1998, and resulted in a hung jury.

*Retired Senior Judge assigned to the Superior Court.

It was alleged at trial that Appellant and Johnson were enforcers for Bridges' drug dealing organization and they killed Martinez because he owed Bridges money. The Commonwealth presented the testimony of George Robles (Robles), a friend of Appellant, Johnson and Bridges, who testified that Appellant confessed to killing Martinez and showed Robles the black Glock handgun that he used to commit the crime. Robles' fiancée, Luz Cintron (Cintron), testified that she had overheard this conversation and corroborated Robles' statement.[3]

On June 8, 2000, Appellant was sentenced to an aggregate term of 15 to 30 years' incarceration. This Court affirmed Appellant's judgment of sentence on May 22, 2001. *Commonwealth v. Morales*, 778 A.2d 1245 (Pa. Super. 2001) (unpublished memorandum). On September 6, 2001, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Morales*, 786 A.2d 987 (Pa. 2001). Appellant's first PCRA petition was dismissed by the PCRA court as untimely-filed. This Court affirmed that determination on August 31, 2005, and our Supreme Court

---

[3] Appellant, Johnson and Bridges were also charged as co-conspirators in connection with the December 7, 1996 shooting deaths of brothers Damon and Gregory Banks (the Banks case). Although the charges against Appellant were ultimately withdrawn or dismissed following pre-trial motions, Johnson and Bridges were convicted of homicide, largely on the testimony of Robles. As discussed in more detail *infra*, both Johnson and Bridges appealed arguing, *inter alia*, that the Commonwealth had withheld evidence of Robles' status as a police informant, which could have been used to impeach his testimony. Bridges' conviction was overturned in Federal Court in 2013. *Bridges v. Beard*, 941 F. Supp. 2d 584, 599 n.2 (E.D. Pa. 2013).

denied Appellant allowance of appeal on May 31, 2006. ***Commonwealth v. Morales***, 888 A.2d 9 (Pa. Super. 2005), *appeal denied*, 899 A.2d 1123 (Pa. 2006).

The instant PCRA petition was filed on June 25, 2013. In this petition, Appellant asserted numerous ***Brady***[4] violations by the Commonwealth. Although patently untimely, Appellant argued that his petition met two of the PCRA timeliness exceptions because the failure to bring these claims earlier was the result of governmental interference, the facts he alleged were unknown to him at the time of trial and were brought to his attention within the 60 days preceding the filing of the petition, and the information could not have been discovered by exercise of due diligence. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(ii), (b)(2). The trial PCRA agreed with Appellant's assertions as to the timeliness of his petition and counsel was appointed. On June 9, 2014, PCRA counsel filed an amended petition. After several continuances, a hearing was held on July 7, 2015. By order dated November 9, 2015, the PCRA court denied Appellant's petition. This timely appeal followed.

Appellant raises two issues on appeal.

1. Did the PCRA court err in not finding that a ***Brady*** violation occurred when [Appellant] produced: (1) evidence favorable to [] himself because the undisclosed evidence was exculpatory or would have impeached a government witness or witnesses, (2)

---

[4] ***Brady v. Maryland***, 373 U.S. 83 (1963).

the [Commonwealth] failed to disclose such evidence, either intentionally or inadvertently, and (3) [Appellant] was prejudiced because the undisclosed evidence was clearly material in light of the record?

2. Did the PCRA court err in not finding that the evidence is material and that there is a reasonable probability that its disclosure would have changed the outcome of the proceedings?

Appellant's Brief at 4 (unnecessary capitalization and footnotes omitted).

Our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012). Before we address Appellant's substantive claims, we must determine whether the PCRA court was correct in its determination that it had jurisdiction to address Appellant's untimely second PCRA petition. *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012) (citations and quotations omitted) (holding that the timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus,

'[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

Appellant clearly filed his petition well over one year after his judgment of sentence became final. Thus, in order for the petition to be considered timely, he was required to plead and prove one or more of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented." *Brandon*, 51 A.3d at 233-234 (citations and quotations omitted).

Instantly, Appellant's *Brady* claim is premised on his assertion that the Commonwealth withheld documentation that Robles was a paid informant with a close relationship to various law enforcement officers and such information would have been admissible at Appellant's trial to impeach Robles' credibility. Appellant's Second PCRA Petition, 6/25/2013, at 7. Appellant argues that his claims fall within both the governmental interference exception, section 9545(b)(1)(i), and the newly discovered evidence exception, section 9545(b)(1)(ii). In support of this contention, Appellant averred in his petition that on May 13, 2013, he read a newspaper article from the Reading, Pennsylvania Eagle, published on May 9, 2013, which detailed the procedural history for Bridges' homicide cases and noted that in April of 2013, a U.S. District Court Judge determined that Bridges was entitled to a retrial because the Commonwealth failed to turn over "police records that could have been used to impeach [Robles] during [that] trial." Appellant's Second PCRA Petition, 6/25/2013, at Exhibit A. Appellant further indicates that on May 13, 2013, Bridges' appellate counsel and an investigator visited him in prison to inform him that Bridges had received a new trial on his *Brady* claim. Appellant avers that he was previously "unaware of any *Brady* material that was withheld by the Commonwealth," *id.* at 13, and he had "no way of knowing" that information existed until May 13, 2013. *Id.* at 12.

This Court has acknowledged that a serial PCRA petitioner's **Brady** claims may fall within the timeliness exceptions "where [the] facts upon which [the] claims were based derived from documents contained in [an] archived police file, which were not 'known' to petitioner until after the filing of [his or her] initial PCRA petition." **Commonwealth v. Lambert**, 884 A.2d 848 (Pa. 2005). The newly-discovered fact exception

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Commonwealth. v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks, citations and emphasis omitted).

The record herein belies Appellant's contention that he first learned of the existence of potential impeachment material in 2013. In his first PCRA petition, filed on April 7, 2004, Appellant raised a nearly identical **Brady** violation claim.[5] Relying on the affidavits of two allegedly after-discovered witnesses and an affidavit of Robles himself, Appellant argued that the Commonwealth had withheld police reports and other evidence detailing Robles' close relationship with police which could have been used for

---

[5] Appellant's first PCRA petition was denied by the trial court on the basis that it was untimely filed and Appellant failed to meet any of the three timeliness exceptions. PCRA Court Opinion, 9/2/2004.

impeachment purposes at trial.[6] Appellant's First PCRA Petition, 4/7/2004, at 3-5. In that same petition, Appellant averred that he "was advised by Bridges in September of 2003 that Robles was a Commonwealth informet [(*sic*)]," and admitted that his co-defendant, Johnson, had "filed a similar PCRA motion in September of 2003 which contained the affidavits" upon which Appellant then relied. ***Id.*** at 6.

Herein, Appellant is not seeking to reuse the affidavits contained in his first petition. However, even assuming the six police reports[7] upon which Appellant premises his new ***Brady*** claim were "unknown" to him, he has failed to sustain his burden with respect to due diligence. ***Bennett***, 930 A.2d at 1272. According to the averments in Appellant's first PCRA petition, he had reason to believe in 2003 that Robles was a police informant. Yet he fails to explain in his second PCRA petition what action he took to investigate whether additional evidence existed to support that contention. Particularly troubling here is the fact that the six police reports relied upon herein were provided to Bridges in September of 2007 following the grant of a discovery

---

[6] Appellant's first PCRA petition includes allegations that the withheld evidence could also be used to impeach Cintron. Appellant's First PCRA Petition, 4/7/2004, at 3-5.

[7] We note with displeasure that the certified record in this matter does not contain the transcript of Appellant's PCRA hearing or any of the exhibits admitted during that hearing upon which Appellant now relies, including the six police reports at issue and the transcript of co-defendant Johnson's PCRA hearing, in violation of Rules of Appellate Procedure 1911, 1921, 1922 and 1923. However, due to our disposition we decline to find waiver.

request during Bridges' federal *habeas corpus* proceedings in the Banks case. **Bridges**, 941 F. Supp. 2d at 599 n.2. Thus, even if these reports constituted newly-discovered facts, they were certainly discoverable by exercise of due diligence long before June 25, 2013, when Appellant filed his petition. Accordingly, Appellant has failed to sustain his burden of pleading and proving the exception at 42 Pa.C.S. § 9545(b)(1)(ii).

Similarly, Appellant's attempt to plead and prove the governmental interference exception must fail. "Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006). The record is devoid of evidence that Appellant sought to obtain the impeachment evidence relied upon herein following the disclosure of such evidence to Bridges in 2007.

Accordingly, we hold that the PCRA court erred in determining that Appellant met his burden of pleading and proving a timeliness exception. The untimeliness of Appellant's petition deprived the PCRA court of jurisdiction to consider his substantive claims. Accordingly, having found that

Appellant's petition was untimely, we lack jurisdiction to consider the merits.

Therefore, we affirm the denial of Appellant's PCRA petition.[8]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016

---

[8] We may affirm the decision of denial if it is correct on any basis. **See Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa. Super. 2000).